**Arons & Arons, LLC.**
76 South Orange Ave. Suite 100
South Orange, NJ 07079
Telephone: (973) 762-0795
Facsimile: (973) 762-0279
By: Jeffrey Arons, Esq. Attorney for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No.: _____ |
| v. | : : | |
| PHH MORTGAGE CORPORATION | : : | |
| Defendant. | : : : : / | |

**VERIFIED CLASS ACTION COMPLAINT**

Plaintiff Philip J. Charvat (hereinafter referred to as "Plaintiff") individually and on behalf of all others similarly situated alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

**Preliminary Statement**

1. Plaintiff brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 745 (2012).

2. Despite being registered with the National Do Not Call Registry, Mr. Charvat received multiple prerecorded telemarketing calls from the Defendant PHH Mortgage Corporation ("Defendant").

3. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from the Defendant.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims in this case under 28 U.S.C. § 1331 because this action arises out of a violation of federal law. *See* 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(1), as the Defendant is a resident of this district.

## Parties

6. Plaintiff Philip J. Charvat is an individual citizen and resident of Ohio.

7. Plaintiff alleges that the Defendant PHH Mortgage Corporation has a primary corporate address in Mount Laurel, NJ and is a resident of this District.

## Legal Basis of the Claims

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

10. The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

**Factual Allegations**

28 Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153.

29 The Defendant is, and at all times mentioned herein were a corporation, and a "person" as defined by 47 U.S.C. § 153.

30 On June 10, 2014, plaintiff received a telephone call on his residential phone line.

31 The phone call began with silence, and then after a pause a pre-recorded voice played the following message:

> Hello, I hope I am not intruding, this is a courtesy call to area homeowners only. We are using this unusual way of announcing that FHA has released a new program that helps homeowners who are experience mortgage difficulties or have a pending foreclosure. We are offering FHA programs which will assist homeowners through financial difficulties and help to avoid foreclosure. This program is for people with mortgage late, possible foreclosure, or if you owe more than the value of your home, we have solutions. This program is for you. This program will allow you to modify your home loan to stop a mortgage late and foreclosure. To find out how you can qualify for this program, please press 1 now to speak with a loan modification specialist. If you would like to be put on our do not call list, please press 2. Again this program is for area homeowners only. Please press 1 to speak with our live operator.

32 The Plaintiff pressed 1 to determine the source of the call. Following a short conversation, the calling party then disconnected the call.

33 On June 18, 2014, plaintiff received another telephone call on his residential phone line.

34      The phone call began with silence, and then after a pause a pre-recorded voice played the following message:

> Hello, I hope I am not intruding, this is a courtesy call to area homeowners only. We are using this unusual way of announcing that FHA has released a new program that helps homeowners who are experience mortgage difficulties or have a pending foreclosure. We are offering FHA programs which will assist homeowners through financial difficulties and help to avoid foreclosure. This program is for people with mortgage late, possible foreclosure, or if you owe more than the value of your home, we have solutions. This program is for you. This program will allow you to modify your home loan to stop a mortgage late and foreclosure. To find out how you can qualify for this program, please press 1 now to speak with a loan modification specialist. If you would like to be put on our do not call list, please press 2. Again this program is for area homeowners only. Please press 1 to speak with our live operator.

35      The Plaintiff pressed 1 to determine the source of the call.

36      After pressing 1, the Plaintiff was connected to an individual who identified herself as "Joanna".

37      "Joanna" proceeded to inform the Plaintiff that she was calling regarding a mortgage relief program offered by her company, and that if the Plaintiff had any questions, he should visit their website, www.mortgageservices.com.

38      The website www.mortgageservices.com is owned and operated by the Defendant.

39      The Plaintiff never consented in any fashion to these telephone calls, and had no business relationship with the Defendant.

40      All of the calls alleged in this Complaint were unwanted telemarketing solicitations.

41      Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

42     All of the calls alleged in this Complaint were placed to a telephone number that Plaintiff had listed on the national Do Not Call Registry more than 12 months prior to these telephone calls to Plaintiff.

### Class Action Allegations

43     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

44     The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

45     The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States whom Defendant, directly or through their agents, initiated a telephone call with a pre-recorded message within four years before this Complaint was filed.

Collectively, all these persons will be referred to as "Class members."

42.     Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

43.     Class members are identifiable through phone records and phone number databases.

44. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

45. Plaintiff is a member of the class.

46. The Plaintiff and the class have all been harmed by the actions of the Defendant.

47. This Class Action Complaint seeks injunctive relief and monetary damages.

48. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Defendant violated the TCPA by advertising via unsolicited prerecorded telemarketing calls;

    b. Whether the Defendant can meet its burden of proof with respect to statutory defenses for the telemarketing calls;

    c. Whether the Defendant's conduct was knowing and/or willful;

    d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions;

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

49. Plaintiff is an adequate representative of the class because his interests do not conflict with class member interests, he will fairly and adequately protect class member interests, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and agents.

51. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. The interest of the Class members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendant from engaging in the same behavior in the future.

53. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

54. The Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

55. Plaintiff is unaware of litigation concerning this controversy already commenced by others who meet the proposed class definition.

## CAUSES OF ACTION

### Count One:

### Violation of the TCPA's Do Not Call provisions

56. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

58. The Defendant's violations were negligent and/or knowing.

### Count Two:

### Violation of the TCPA's Prohibition against Advertising Using a Pre-Recorded Message

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The Defendant violated the TCPA by initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

61. The Defendant's violations were negligent and/or knowing.

### Count Three:

### Injunctive relief to bar future TCPA violations

62. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

63. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

64. The Plaintiff respectfully petitions this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA;

D. An award of attorney's' fees and costs to counsel for Plaintiff and the Class as part of a common fund or similar methodology;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

PLAINTIFF,
By his attorneys

s/ Jeffrey Arons, Esq
Jeffrey Arons, Esq,, *Local Counsel*
Arons & Arons, LLC.
76 South Orange. Suite 100
South Orange, NJ 07079


Edward A. Broderick, *Pro Hac Vice to be filed*
Anthony Paronich, *Pro Hac Vice to be filed*
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
(617) 314-7783 *facsimile*

Matthew P. McCue, *Pro Hac Vice to be filed*
The Law Office of Matthew P. McCue,
1 South Ave., Third Floor
Natick, MA 01760
Phone: (508) 655-1415
mmccue@massattorneys.net